STATE, APPELLANT v. LAUGHLIN, APPELLEE.

(No. 10109—Decided October 8, 1966.)*

Common Pleas Court of Tuscarawas County.

Mr. *Harlan R. Spies,* prosecuting attorney, for appellant.
Mr. *James C. Britt,* for appellee.

LAMNECK, J.   This case is before this court on an appeal on a question of law filed by the Prosecuting Attorney of Tuscarawas County from a judgment of the Tuscarawas County Court, Central District, dismissing this action.

On March 21, 1966, Harlan R. Spies, as Prosecuting Attorney of Tuscarawas County, Ohio, filed a "state affidavit" against the defendant, Robert Laughlin in the Tuscarawas County Court, Central District, New Philadelphia, Ohio, reading as follows:

"Before, me, Richard B. Musgrave, Judge of said County Court personally came Harlan R. Spies, Prosecuting Attorney, Tuscarawas County, Ohio, who being duly sworn according to law, deposes and says that on or about the 20th day of March, A. D. 1966, at the County of Tuscarawas aforesaid, one Robert Laughlin did unlawfully suffer or permit a building and place of business, to-wit: The Big Bear Stores Co., commonly known as Harts Family Center, located at 2301 East High Avenue, in the Township of Goshen, County of Tuscarawas and State of Ohio, to be open for the transaction of business on the 20th day of March, 1966, being a Sunday, and said transaction of business not being within the exceptions prescribed by law, contrary to and in violation of Section 3773.24, Revised Code, and against the peace and dignity of the State of Ohio, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.   Signed Harlan R. Spies."

Following the arrest of the defendant, the defendant on April 7, 1966, before a plea was taken, filed a motion to quash

*No further appeal taken.

and dismiss the prosecution under the provisions of Section 2937.04, Revised Code, which the District Court sustained on May 9, 1966. Said motion to quash and dismiss reads as follows:

"Now comes the defendant by his attorney, and moves the court to quash the affidavit filed herein and to dismiss this case on the following grounds:

"1. This case was instituted by affidavit rather than by complaint as required by law.

"2. The affidavit fails to state an offense as required by law.

"3. Prosecuting of this case would be unconstitutional under the United States and Ohio Constitutions as being unequal enforcement of the law.

"This motion is made separately as to each branch and not to the series as a whole."

Section 3773.24, Revised Code, in so far as it applies to this case and under which this prosecution is based, reads as follows:

"No person, firm, or corporation shall engage in common labor or suffer or permit a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a building or place for the transaction of business on Sunday."

The affidavit filed in this case being substantially in the language of the statute, the court finds that a motion to quash and dismiss could not be based on the allegation that the language used was not sufficiently definite. (See Section 2941.05, Revised Code.)

Section 3773.24, Revised Code, was specifically decided by the Supreme Court of Ohio to be a constitutional enactment in *State* v. *Kidd*, 167 Ohio St. 521, 150 N. E. 2d 413. Therefore a motion to quash or dismiss could not be based on the ground that the statute is unconstitutional.

The County District Court in this case sustained the motion to quash and dismiss on the ground that the prosecution was instituted by "affidavit" rather than by "complaint," as required by Section 2935.09, Revised Code.

Section 2935.09, Revised Code, reads as follows:

"In all cases not provided by Sections 2935.02 to 2935.08, inclusive, Revised Code, in order to cause the arrest or prosecu-

tion of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney.''

The defendant also contends that since Section 3773.24, Revised Code, provides that ''in prosecutions under this section 'complaints' shall be made within ten days after a violation'' prosecution must be instituted by ''complaint'' rather than by ''affidavit.'' This court is of the opinion that the word ''complaints'' as used in this section is intended only as a period of limitation within which a prosecution may be commenced whether it is by ''affidavit'' or ''complaint'' as these terms are used in Section 2935.09, Revised Code.

The Supreme Court of Ohio has held that under Section 2935.09, Revised Code, ''the arrest and prosecution of a person for violation of Section 3773.24, Revised Code (Sunday Closing Law), can be caused by two methods: (1) by filing an affidavit with a judge or clerk of a court of record or with a magistrate and (2) by filing an affidavit with the prosecuting attorney or attorney charged by law with the prosecution for the offense, who, in turn, shall file a complaint.

From an examination of the affidavit filed in this case it must be held that under Section 2935.09, Revised Code, a prosecution by ''affidavit'' filed directly in court can only be instituted by a ''peace officer,'' or a ''private citizen'' having knowledge of the facts. Under Section 2935.01, Revised Code, a ''peace officer'' includes a sheriff, deputy sheriff, marshal, deputy marshal, a member of the organized police department of any municipality, or police constable of any township, and under certain conditions it includes the superintendent and patrolmen of the State Highway Patrol.

In Black's Law Dictionary 2d Edition it is stated ''that which is expressed makes that which is implied to cease.'' See also 50 American Jurisprudence 238, Section 244. Under this definition, the prosecuting attorney is not a ''peace officer.''

Under the circumstances, may the prosecuting attorney be considered as a "private citizen"? Webster's Third New International Dictionary defines a "private citizen" as one whose duties are not related to or dependent on one's official position. As the prosecuting attorney is charged by law with the performance of certain duties before a Magistrate and in County Courts, he could not be considered a private citizen in regard to any of such duties.

What is the meaning of the word "complaint" as used in Section 2935.09, Revised Code? It is not defined in Chapter 2935, Revised Code, covering detection and arrest. Section 2935.17, Revised Code, provides in part under paragraph B that "a complaint in the following form is sufficient:

"State of Ohio,

.......... County, ss:

The undersigned (assistant) prosecuting attorney of .............. County complains that on or about the ........ day of ................ 19.... one E. F. did (here describing the offense committed as above) based on affidavit of.......... filed with me.

Prosecuting Attorney
City Solicitor"

This does not mean that a complaint may not be filed in another form.

In *Hebebrand* v. *State*, 129 Ohio St. 574, 196 N. E. 412, the court held that "the term 'complaint' when used in criminal proceedings, is a technical one and defined as a written form of legal process apprising a magistrate or other peace officer of a criminal offense committed by some specific offender."

This is the accepted definition in a long list of cases cited in "Words and Phrases."

Webster's Third New International Dictionary defines "complaint" as "a formal allegation or charge against a party made or presented to the appropriate court or officer as for a wrong done or a crime committed."

In 15A Corpus Juris Secundum, the term "complaint" is defined "as a formal allegation or charge against a party, made or presented to the appropriate court or officer, as for a wrong done or crime committed."

The court therefore must conclude that the prosecutor's

affidavit filed in this case, duly sworn to and filed within ten days after the commission of the alleged offense constitutes a "complaint" as the term is used in Section 2935.09, Revised Code. However, the prosecutor may not file his own affidavit as a complaint until a peace officer or a private citizen has filed an affidavit with him charging the same offense.

The record in this case does not disclose whether the prosecutor's affidavit-complaint was based upon the affidavit of a peace officer or a private citizen filed with him before his own affidavit-complaint was filed. There is no such allegation in the prosecutor's affidavit-complaint. In this respect the prosecutor's affidavit-complaint was defective. Since this question was raised in the motion to dismiss, the prosecuting attorney could have amended his affidavit-complaint by filing a motion to amend as authorized by Section 2937.05, Revised Code, which provides in part that on a motion to dismiss for an alleged defect in an affidavit or complaint, the accused shall be discharged unless the court or magistrate finds that the defect can be corrected without changing the nature of the charge, in which case he may order the complaint amended. The record does not disclose that a motion to amend was ever made by the prosecuting attorney or ruled on by the court.

It is therefore ordered that the judgment of the County Court in dismissing this action be affirmed.

Exceptions noted.

*Judgment affirmed.*